Deaderick, J.,
delivered the opinion of the court.
*478 Complainant filed his bill in the Chancery Court of Weakley county February 19, 1868, to enforce his vendor’s lien against a tract of land of one hundred and ninety-seven and a half acres, sold and conveyed to said Henry C. Muse in March, 1859.
The deed of conveyance upon its face retained no lien for the unpaid purchase money, but shows, with, the notes executed for balance of purchase money, (which deed and notes are made exhibits to the bill) that $500 was paid at the time of the sale and execution of the 'deed, and that three notes for $723 each, were executed for the balance, due respectively upon 25th of December, 1860, 1861 and 1862. The note first falling due was paid. The other two, with the interest thereon, remain due and unpaid, except the sum of $100 paid 15th of October, 1867.
John A. Muse became the surety upon said several notes of Henry C. Muse, the purchaser, at the time of the purchase and conveyance.
On the 13th of December, 1859, Henry C. Muse sold the land and executed his title bond to E. M. McFarland, and received $2,715, the consideration in full at the time of the sale, and bound himself to execute a deed January 1, 1863. On the 10th of August, 1860, McFarland sold and executed his bond for title to the land to W. W. Parham, receiving the consideration, $2,112, at iho time of the sale. This title bond was registered 13th of August, 1860. In December, 1860, Parham sold and executed his title bond for the land to • Jas. C. Simmons for $2,100, paid at the time of sale. This bond for title was *479 registered. April 30, 1861. Simmons sold and conveyed the land by deed to J. ~W. Hays on 2nd of .January, 1863, for $2,100, the receipt of which is acknowledged in the deed. This deed was also registered January 1, 1863. The bill makes the successive purchasers- defendants, none of whom answer except Hays, who denies any knowledge of any claim of complainants for unpaid purchase money, and insists that he has no lien, having waived it.
A vendor who sells and conveys real estate is presumed to intend to retain a lien upon it for unpaid purchase money, but this lien may be waived by the vendor. The taking of a security for the payment of the purchase money whether it be a mortgage on other lands, a pledge of goods, or a surety to or endorsement by a third person of a note for the purchase money, is prima facie evidence that the vendor has waived or abandoned his lien. 2 Hum., 248; 3 Hum., 616; 3 Head, 384; 2 Wash, on R. P. Ed. 1868, 91.
In this case the bill exhibits the notes given by Henry C. Muse for the purchase money of the land, and shows that J. A. Muse is surety for their payment, and consequently there being no evidence that complainant did not intend to abandon his lien, the presumption that it was waived must be held to prevail This being so he had no lien to enforce against the, land, having made an absolute conveyance thereof to the defendant Henry C. Muse.
Muse’s title bond to his vendee, and the payment of the purchase money by him, clothed the vendee with the equitable title to the land, and so the sue- *480 cessive purchasers down to the defendant Hays, the present holder. 1 Yer., 197; 1 Tenn., 274.
When a contract for sale of land is made the vendor is deemed in equity a trustee for the vendee of the real estate, and the vendee is treated as the owner of the land, and it is devisable and descendible as his lands. Sto. Eq., sec. 1212; 2 Sneed, 101; 3 Hay., 109.
It follows that the Chancellor’s decree was erroneous and must be reversed and the bill dismissed at complainant’s costs.